UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CIVIL ACTION

**J.B. HARRIS,**

    **Plaintiff Pro Se,**

v.                               CASE NO: 08-20703-CIV-DIMITREOULEAS

**UNITED AUTOMOBILE INSURANCE
GROUP, INC.**, a Florida corporation,
and **CERIDIAN CORP.**, a foreign corporation,

    **Defendants.**
_____/

**EMERGENCY MOTION FOR PROTECTIVE ORDER SEALING OR
REDACTING PORTIONS OF DEFENDANTS' EXHIBITS "C" AND "H"**

    Plaintiff moves this Honorable Court for an Emergency Order sealing or redacting Defendants' Exhibits "C" and "H" to Defendants' Memorandum of Law in Opposition to Plaintiff's Application for a Preliminary Injunction [D.E. 13], and in support thereof states:

    1.    In violation of Plaintiff's privacy rights, Defendants flagrantly filed in the public record the confidential social security numbers of Plaintiff and his wife and three minor children, who are innocent third-parties. (See D.E. 13 Exhibit "C").

    2.    Defendants also deliberately filed in the public record Plaintiff's confidential bank account information. (See D.E. 13 Exhibit "H").

    3.    Upon information and belief, Defendants did so with the intent to harm Plaintiff and his family.

4. Disclosure of this information places Plaintiff and his family in immediate risk of identity theft, exploitation of his children, cyber-stalking, criminal mischief and the like. The information contained therein is of no public interest and of no relevance to these proceedings.

5. Accordingly, Plaintiff requests the Court to direct the Clerk to either seal these exhibits or to redact the information referenced therein to protect Plaintiff's privacy and that of his family, and to order the Defendants not to file such confidential information in the future.

6. Plaintiff files herewith the Certificate of Emergency required by the local rules. (See Exhibit "1" filed herewith).

7. Further, Plaintiff has not been able to confer with Defendants' counsel prior to filing this motion, but nevertheless files this motion in good faith.

## SUPPORTING MEMORANDUM

*In re Estate of Martin Luther King, Jr., Inc. v. CBS, Inc.,* 184 F.Supp.2d 1353 (N.D.Ga. 2002), the court determine that because Dr. Martin Luther King's Estate had presented a *prima facie* case for trade secret protection, "'good cause' exist[ed] for the sealing the depositions at issue [where] the Estate's interest in maintaining confidentiality outweighs the public's interest in their uninhibited dissemination. As noted, courts must be wary of closing from the public that which is of the utmost public concern. And, as noted, this case has generated widespread public interest, it has raised novel intellectual property and privacy issues, and it happens to involve a historical figure, and a historical event, of enormous national significance." However, the court sealed the depositions and their exhibits on the grounds that the private information

contained therein outweighed the need for the public to know, even where the estate of a historical figure like Dr. Martin Luther King was involved.

More significantly, in *Barron v. Florida Freedom Newspapers, Inc.* 531 So.2d 113 (Fla.1988), the Florida Supreme Court held that "closure of court proceedings or records should occur only when necessary . . . (e) to avoid substantial injury to innocent third parties . . . [like Plaintiff's wife and children]; or (f) to avoid substantial injury to a party by disclosure of matters protected by a common law or privacy right not generally inherent in the specific type of civil proceeding sought to be closed. We find that, under appropriate circumstances, the constitutional right of privacy established in Florida by the adoption of article I, section 23, could form a constitutional basis for closure under (e) or (f) . . . Further, we note that it is generally the content of the subject matter rather than the status of the party that determines whether a privacy interest exists and closure should be permitted."

In the case at Bar, the balance of Plaintiff's privacy rights respecting his family's social security numbers and bank account information far outweigh any public interest in this information, other than for possible criminal use. Indeed, the information disclosed in Defendants' Exhibits "C" and "H" is not even relevant to the issues before the Court.

WHEREFORE, Plaintiff respectfully requests this Honorable Court to enter an emergency protective Order directing the clerk to seal or redact the above referenced information contained in Defendants' Exhibit "C" and "H".

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing was served on counsel for Defendants' this April 2, 2008, via the court's CM/ECF system, or by such other means as are necessary to effectuate service:

Maria Elena Abate
Amy L. Koltnow, Esq.
COLODNY, FASS, TALENFELD,
KARLINSKY & ABATE, P.A.
One Financial Plaza, 23rd Floor
100 S.E. Third Ave.
Ft. Lauderdale, FL 33394
mabate@cftlaw.com
akoltnow@cftlaw.com
Ph: 954-429-4010
Fax: 954-492-1144

Joelle C. Sharman
FORD & HARRISON LLP
1275 Peachtree St., N.E., Suite 600
Atlanta, GA 30309
jsharman@fordharrison.com
Ph: 404-888-3800
Fax: 404-888-3863

J.B. Harris & Assoc., P.A.
By: **/s/ J.B. Harris**
J.B. HARRIS (FBN 495034)
2555 Ponce De Leon Blvd., Suite 320
Coral Gables, FL 33134
Ph:   305-444-6121
Fax:  305-444-5508
e-mail: jbharrisesq@hotmail.com